UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NICOLE WALSH, etc., et ano.,

                Plaintiffs,


     -against-                                          16-cv-4589 (LAK)


RICHARD PISANO, M.D., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

        Barry Washor
        Matthew J. Maiorana
        QUELLER, FISHER, WASHOR, FUCHS & KOOL LLP
        *Attorneys for Plaintiffs*


        Bruce Morgan Brady
        CALLAN, KOSTER BRADY & BRENNAN, LLP
        *Attorney for Defendant Richard Pisano, M.D.*

        Robert Joseph Cecala , Sr.
        AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
        *Attorney for Defendant Jenny Delfin, M.D.*

        Matthew Paul Mazzola
        Michael H. Bernstein
        SEDGWICK LLP (NY)
        *Attorneys for Defendants J.P. Morgan Chase & Co. and JP*
        *Morgan Chase Health & Wellness Center*

LEWIS A. KAPLAN, *District Judge.*

This action for medical malpractice, wrongful death, and other tort relief was commenced in state court and removed by J.P. Morgan Chase & Co. ("JP Morgan") and the J.P. Morgan Chase Health and Wellness Center (the "Center"), with the consent of the other defendants who had been served, on the basis of alleged preemption of plaintiffs' claims by the federal Employee Retirement and Income Security Act ("ERISA").[1]  The matter is before the Court on plaintiffs' motion to remand for want of federal subject matter jurisdiction and the cross-motion of JP Morgan and the Center to dismiss the complaint.

*Facts*

Plaintiff's late husband and testator, James Walsh, was an employee of JP Morgan on March 19, 2015.  That morning, he visited the Center around 10:00 a.m., complaining of chest pain and shoulder and neck discomfort.[2]  He was treated there by defendants Nurse Little[3] and Dr. Delfin.  While Mr. Walsh was resting in the Center, his pain returned and Nurse Little allegedly told him to go to an emergency room.[4]  Mr. Walsh allegedly responded that he lived in Connecticut, did not want to go to an emergency room in Manhattan, and wanted to go home and see his primary

---

[1] DI 1.

[2] DI 19, at 1-2.

[3] The record contains no proof of service on Nurse Little, who has not appeared in the action.

[4] DI 19, at 2.

physician if that seemed necessary.[5]  He left the Center and, a short while later, collapsed in the building lobby.[6]  Nurse Little responded and, with other Center nurses, performed CPR and defibrillated Mr. Walsh.  The Emergency Medical Service arrived and attempted to resuscitate him.  After those efforts failed, they took him to the New York Presbyterian-Downtown Hospital.  Resuscitation efforts continued until 1:04 p.m. when doctors pronounced Mr. Walsh dead.[7]

Plaintiff, Mr. Walsh's spouse, commenced suit on March 17, 2016.  The complaint asserts state law claims against JP Morgan, the Center, Dr. Delfin, Dr. Pisano, and Nurse Little.[8]  JP Morgan and the Center removed the action to this Court on June 16, 2016, on the ground that the complaint asserts a federal question due to ERISA preemption.  On July 5, 2016, plaintiff moved to remand the case to state court, and on August 5, 2016, defendants cross-moved to dismiss the action.

*Discussion*

We begin, as we must, with the question of subject matter jurisdiction.

A defendant may remove an action from state to federal court under Section 1441 of the Judicial Code if the case would fall within a district court's "original jurisdiction."[9]  "One

---

[5] *Id.*

[6] *Id.* at 2-3.

[7] *Id.* at 3.

[8] DI 1-1.

[9] 28 U.S.C. § 1441.

4

category of cases over which the district courts have original jurisdiction are 'federal question' cases; that is, those cases 'arising under the Constitution, laws, or treaties of the United States.'"[10] Ordinarily, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."[11] "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."[12] In *Metropolitan Life Insurance Co. v. Taylor*, the Supreme Court held that causes of action within the scope of ERISA's civil enforcement provision, Section 502(a)(1)(B),[13] are removable to federal court for that reason.[14]

The Second Circuit has explained that "when Congress mandates 'complete preemption' in a specific area of the law, any civil complaint raising a state law claim in that area is of necessity so federal in character that it arises under federal law for purposes of 28 U.S.C. § 1331 . . . ."[15] In the ERISA context, a complaint "may be deemed to state a federal claim warranting removal only if one or more of [the plaintiff's] claims is properly characterized as

---

[10] *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331).

[11] *Id.*

[12] *Id.* at 63-64.

[13] Section 502(a)(1)(B) provides that a "participant" or "beneficiary" of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B).

[14] *Id.* at 66.

[15] *Plumbing Indus. Bd. v. Howell Co., Inc.*, 126 F.3d 61, 66 (2d Cir. 1997) (citations omitted).

5

seeking 'to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'"[16]

Here, the complaint asserts state law claims for medical malpractice, lack of informed consent, wrongful death, and loss of services. As in *Lupo*, "none of these claims bears any significant resemblance to those described in [Section 502(a)(1)(B) of ERISA]."[17] Instead, all of the claims "merely attack the *quality* of the benefits [Mr. Walsh] received: The plaintiffs here simply do not claim that the plan[] erroneously withheld benefits due."[18] Nor do plaintiffs ask the state court to enforce Mr. Walsh's rights under the terms of his plan or to clarify any rights to future benefits.[19] Accordingly, it would appear that Walsh's claims fall outside the scope of Section 502 and thus the case must be remanded to New York Supreme Court.[20]

When the Seventh Circuit was presented with similar circumstances, it concluded that because the plaintiff did not rest his claim on the terms of his ERISA plan, "the question [wa]s

---

[16] *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 272 (2d Cir. 1994) (quoting 28 U.S.C. § 1132(a)(1)(B)).

[17] *Id.* (citing 29 U.S.C. § 1132(a)(1)(B)).

[18] *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 356 (3d Cir. 1995).

[19] *Id.*

[20] Other courts have reached the same conclusion when faced with medical malpractice claims. *See, e.g.*, *Jackson v. Roseman*, 878 F. Supp. 820 (D. Md. 1995); *Haas v. Group Health Plan, Inc.*, 875 F. Supp. 544 (S.D. Ill. 1994); *Dearmas v. Av-Med, Inc.*, 865 F. Supp. 816 (S.D. Fla. 1994); *Kearney v. U.S. Healthcare, Inc.*, 859 F. Supp. 182 (E.D. Pa. 1994); *Paterno v. Albuerne*, 855 F. Supp. 1263 (S.D. Fla. 1994); *Smith v. HMO Great Lakes*, 852 F. Supp. 669 (N.D. Ill. 1994); *Elsesser v. Hosp. of Phila. College of Osteopathic Medicine*, 802 F. Supp. 1286 (E.D. Pa. 1992); *Independence HMO, Inc. v. Smith*, 733 F. Supp. 983 (E.D. Pa. 1990).

whether [his] claim that [the plan administrator] [wa]s liable for the medical malpractice of [the treating physician] under the state law of respondeat superior w[ould] require construing the ERISA plan, a question of federal law."[21]  In that case, the Seventh Circuit concluded that it would not: "[T]here is no dispute that Sotillo is a Prudential Health Care Provider.  The only question is whether Sotillo's status as a Prudential Health Care Provider makes Prudential liable for Sotillo's alleged malpractice under the state law of respondeat superior."[22]  The Tenth Circuit likewise has concluded that "reference to [an ERISA] plan to resolve [an] agency issue does not implicate the concerns of ERISA preemption."[23]

Here, it is undisputed that Mr. Walsh received treatment from an authorized provider under his ERISA plan.  Thus, the questions presented essentially are the same as in *Rice* and *Burrage*:  whether JP Morgan and the Center are vicariously liable for the alleged malpractice of Dr. Delfin and Nurse Little under state law.  A court would not need to interpret the terms of the ERISA plan to answer these questions.[24]  In consequence, the Court holds that plaintiffs' claims are not preempted by ERISA.

Accordingly, subject matter jurisdiction over this action is lacking and thus the Court does not reach the merits of defendants' cross-motion to dismiss.

---

[21] *Rice v. Panchal*, 65 F.3d 637, 645 (7th Cir. 1995), *as amended on denial of reh'g* (Nov. 6, 1995).

[22] *Id.*

[23] *Pacificare of Okla., Inc. v. Burrage*, 59 F.3d 151, 155 (10th Cir. 1995).

[24] This is especially so given that JP Morgan submitted a declaration stating that Nurse Little is a JP Morgan employee (DI 36) and argued in its reply memorandum that plaintiffs have conceded Dr. Delfin also is a JP Morgan employee (DI 34, at 9).

*Conclusion*

For the foregoing reasons, plaintiffs' motion to remand this action to the Supreme Court of the State of New York, County of New York [DI 18], is granted. The cross-motion of defendants JP Morgan and the Center to dismiss the complaint [DI 24] is denied.

SO ORDERED.

Dated:       December 2, 2016

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)